UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michelle C. Newton, | File No. 19-cv-1037 (ECT/ECW) |
| Petitioner, | |
| v. | **ORDER REJECTING REPORT AND RECOMMENDATION AS MOOT** |
| Warden Nanette Barnes, | |
| Respondent. | |

_____

The Court has received the June 3, 2019 Report and Recommendation of United States Magistrate Judge Elizabeth Cowan Wright. ECF No. 8. No party has objected to that Report and Recommendation, and the Court therefore reviews it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). That review reveals, since the time Magistrate Judge Wright issued the recommendation that Newton's habeas petition be dismissed, Newton's petition has become moot. Her petition alleges that she was scheduled to be released on June 21, 2019, Pet. at 2 [ECF No. 1]. The Bureau of Prisons maintains an Inmate Locator search tool on its website, *see* https://www.bop.gov/inmateloc/ (last visited July 1, 2019), and that tool reveals that Newton indeed was released as scheduled.

The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies. *See* U.S. CONST. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citations and

internal quotation marks omitted). "When . . . the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). If an action is moot because it no longer satisfies the case-or-controversy requirement, a federal court "ha[s] no discretion and must dismiss the action for lack of jurisdiction." *Ali*, 419 F.3d at 724 (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)). There are four exceptions, however. If any of the following exceptions apply, a court should not dismiss a habeas petition as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those exceptions apply here. No collateral consequences survive Newton's allegedly unlawful detention. Her habeas petition challenges only the length of her imprisonment, which has now ended. Neither the second nor third exceptions apply, either. If Newton were imprisoned again—for example, if she were arrested, convicted, and sentenced on new charges—any habeas relief she might seek at that time would be based on new facts and circumstances surrounding a new detention. Finally, this is not a class

action. Accordingly, Newton's habeas petition is moot, and the Court lacks subject-matter jurisdiction over it.

Therefore, based on all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

was Finding no clear error, and based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The Court **DECLINES TO ACCEPT** the Report and Recommendation [ECF No. 8] because the case has become moot;

2. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED** as moot; and

3. The action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 1, 2019               s/ Eric C. Tostrud
                                  Eric C. Tostrud
                                  United States District Court